UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:24-CR-00007-DLB-EBA-1

(Related Civil Action No. 2:25-CV-00101-DLB-EBA)

UNITED STATES OF AMERICA,                                           PLAINTIFF,

V.                          **REPORT AND RECOMMENDATION**

TIMOTHY ESTEP,                                                         DEFENDANT.

*** *** *** ***

This matter is before the undersigned on the Defendant Timothy Estep's *pro se* 28 U.S.C. § 2255 motion, seeking to vacate, set aside, or correct his conviction and sentence. [R. 30]. Pursuant to the Court's Order, [R. 31], Estep filed an amended § 2255 motion. [R. 32]. The Court recognizes that Estep is proceeding *pro se* in this matter and construes his filings more leniently. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381–83 (2003). The United States filed a response in opposition. [R. 34]. No reply was filed, and the time to do so has elapsed, [R. 35], so this matter is ripe for review. For the following reasons, the undersigned will recommend denying his § 2255 motions, [R. 30; R. 32], and will deny his "Motion for in Forma Pauperis Papers and the 2255 Form Papers." [R. 36].

On October 11, 2023, the Northern Kentucky Drug Strike Force (NKDSF) facilitated a narcotics transaction from Defendant Timothy Estep. A confidential informant met with Estep in Covington, Kentucky. Estep sold the confidential informant 12.7 grams of methamphetamine and then went back to his vehicle. Then, on October 16, 2025, NKDSF used a confidential informant to coordinate another controlled buy of methamphetamine from Estep at a location in Florence,

Kentucky. NKDSF agents surveilling the area observed Estep and another individual enter a vehicle. Agents approached the vehicle and placed Estep into custody. Estep was arrested while in possession of 13.6 grams of methamphetamine and a "BB gun." In February of 2024, a federal grand jury returned an indictment against Estep on two counts of distribution of a mixture of substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1). [R. 1]. Eventually, Estep moved for rearraignment. [R. 17]. Estep pleaded guilty to both counts in the indictment. [R. 19].

At his sentencing before Chief Judge David L. Bunning, Estep raised two objections to his PSR. [*See* R. 24]. Estep objected to the two-level increase for being in possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) and he objected to the two-level increase for recklessly creating a substantial risk of death or serious bodily injury while fleeing pursuant to U.S.S.G. § 3C1.2. [*See id*.]. After hearing arguments from both sides, Judge Bunning overruled Estep's objection to the two-level enhancement for being in possession of a dangerous weapon and sustained his objection to the two-level enhancement for recklessly creating a substantial risk of death or serious bodily injury. [*Id*.]. Estep was sentenced to a total term of one hundred seventy-four months on both counts. [R. 27].

Estep then filed a 28 U.S.C. § 2255 motion, seeking to vacate, set aside, or correct his conviction and sentence. [R. 30]. Pursuant to the Court's Order, [R. 31], Estep filed an amended § 2255 motion seeking relief on three bases. [R. 32]. First, Estep alleges that his counsel was ineffective for failing to file an appeal. [R. 32 at pgs. 4, 7]. Second, Estep challenges his two-level enhancement for being in possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). [*Id*. at pg. 6]. And finally, Estep challenges his sentence, citing "any changes in federal law … criminal history points." [*Id*. at pg. 8].

**I.**

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. A prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). For a federal prisoner to prevail on such a claim, he bears the burden of showing that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003), *cert. denied*, 540 U.S. 1133 (2003). If the prisoner alleges constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Alternatively, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Id.* at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

**II.**

As an initial matter, while Estep did not file a reply, he did file a motion which he titled "Motion for in Forma Pauperis Papers and the 2255 Forms." [R. 36]. The title of this motion is misleading to the relief Estep requests. While the motion requests "the correct forms for his 2255," the Court already directed the Clerk to send Estep the appropriate § 2255 forms, [R. 31], which Estep used to file his Amended Motion. [R. 32]. The motion additionally requests the Court to order him discovery and his PSR and ask that his attorney turn over all his files s that he "can fight for justice when he file[s] his 2255 proceedings." [R. 36].

Habeas petitioners and § 2255 movants do not have an automatic right to discovery. *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009). Discovery in § 2255 proceedings is governed "by Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts." *Smith v. United States*, No. 2:10-cr-20113-01-JPM, 2015 WL 6869284, at *6 (W.D. Tenn. Nov. 9, 2015). Rule 6(a) provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." *Id*. Rule 6(b) provides, in part, that "[a] party requesting discovery must provide reasons for the request." *Id*. (citing *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) ("For good cause shown, the district court has the discretion to permit discovery in a *habeas* proceeding.")).

Here, Estep has not provided good cause to warrant discovery. His only argument is that he needs the discovery is "so that he can fight for justice when he file[s] his 2255 proceedings." [R. 36]. However, at the time of filing this motion requesting discovery, Estep had already filed his § 2255 motion. [*See* R. 32]. "[A] prisoner who has already filed a § 2255 motion is not entitled to discovery to develop a factual basis for claims that he might want to add to the proceedings." *Ivory v. United States*, No. 3:18-CV-00537, 2023 WL 1973198, at *3 (M.D. Tenn. Feb. 13, 2023) (collecting cases). The claims Estep brought in his § 2255 motion include his allegations of ineffective assistance of counsel and that the Court was incorrect in applying the two-level sentence enhancement for being in possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). [*See* R. 32]. Yet, Estep has not explained how the discovery he requests is relevant to establishing his claims. Therefore, because Estep has failed to show good cause, the undersigned will deny Estep's motion. [R. 36].

1. **Ineffective Assistance of Counsel**

Next, Estep alleges that his counsel, Stefanie Durstock, was ineffective for not sending him paperwork or "do[ing] her job." [R. 32 at pg. 7]. Specifically, Estep states that he did not file an appeal because of ineffective assistance of counsel. [*Id*.]. To successfully obtain relief on his ineffective assistance of counsel claim, Estep has the burden of proving two elements: (1) deficient performance by counsel, and (2) how "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

First, regarding deficient performance, reviewing courts give a "strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id*. To show that the representation fell below the objective standard of reasonableness, Estep must articulate specific acts or omissions that demonstrate how counsel's performance "fell outside the wide range of professionally competent assistance." *Id*. at 690. In other words, Estep bears the burden of showing that his counsel "made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. While reviewing Estep's ineffective assistance of counsel claims, the court must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689.

Second, Estep must establish prejudice by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have been different. *Id*. at 694-95. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 11-12 (2011) (citing *Strickland*, 466 U.S. at 696)). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *West v. Seabold*,

73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691). "Counsel is constitutionally ineffective only if performance below the professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The Sixth Circuit further held:

> [E]ven when a defendant waives all or most of his rights to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitled the defendant to relief in the form of a delayed appeal.

*Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012). However, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe*, 528 U.S. at 470 (citing *Jones v. Barnes*, 436 U.S. 745, 751 (1983)). Additionally, the Supreme Court has placed the burden on counsel to consult with their clients in certain circumstances.

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Roe*, 528 U.S. at 480.

Here, Estep has not claimed that his attorney disregarded his directive to file an appeal. [*See* R. 32]. Nor does Estep allege that his counsel failed to advise him of his rights to appeal. [*Id*.]. He simply alleges that his counsel is at fault for not filing an appeal. Moreover, in Durstock's affidavit provided by the United States, she states that at the conclusion of the sentencing hearing she discussed Estep's appeal rights, and that he informed her of his decision not to file an appeal.

[R. 34-1 at pg. 2]. Because Durstock was following Estep's directive, Estep cannot now claim that Durstock was ineffective by not filing an appeal. *See Roe*, 528 U.S. at 470 (citing *Jones v. Barnes*, 436 U.S. 745, 751 (1983)). As Estep has failed to show that Durstock was ineffective, the court does not need to address the second component under *Strickland*, prejudice. *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

2. **Sentence Challenge**

Next, Estep argues that the Court was incorrect in applying the two-level sentence enhancement for being in possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). [R. 32 at pg. 6]. Specifically, Estep argues that the enhancement was misapplied because there was a lack of evidence, the gun was fake, the gun did not contain CO2 or ammunition, the vehicle where the gun was found was not registered to him, and at the sentencing hearing the government only produced one picture from a store of the BB gun that they found in the car as evidence. [R. 32 at pg. 6]. It appears that Estep is renewing his objection from his sentencing memorandum, [R. 21], that he should not be subject to an enhanced penalty for possession of said BB gun. Estep's challenge to the application of the enhancement also fails.

Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximize authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. In other words, "to prevail upon a section 2255 motion, the petitioners 'must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire

proceeding invalid.'" *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

First, the two-level sentence enhancement for being in possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) was not an error of constitutional magnitude. Similarly, there was not an error of law or facts to make the proceeding invalid. Initially, Estep makes some arguments concerning the connection between him and the BB gun, such as saying the car was not registered to him. [R. 32 at pg. 6]. However, the BB gun was found in a car being driven by Estep and a confidential informant states they saw Estep with the BB gun a few days before he was arrested. That is enough to establish possession. *See United States v. Arnold*, 486 F.3d 177, 183 (6th Cir. 2007) (finding constructive possession when the victim saw the defendant with the gun shortly before the police found the gun in defendant's vehicle).

Moreover, in response to Estep's objection to the dangerous weapon enhancement in his PSR, the United States explained that the BB gun was a "dangerous weapon" within the meaning of 2d1.1, which defined the term with reference to the commentary of 1B1.1. It reads, "[a] weapon, commonly known as a BB or pellet gun, that uses air or carbon dioxide pressure to expel a projectile is a dangerous weapon." U.S.S.G. § 1B1.1, application note (H). Probation Officers explained that the BB gun recovered from Estep's vehicle was a revolver style BB gun that used carbon dioxide to expel a projectile. *See United States v. Shelton*, 82 F.4th 1294, 1295-1296 (8th Cir. 2023) (holding that BB guns are an "instrument capable of inflicting … serious bodily injury … such as by blinding," and so "it [is] unsurprising that the Guidelines commentary explicitly classifies BB guns as dangerous weapons"). Moreover, even if the BB gun did not use $CO_2$ as Estep argues, "it closely resemble[d] such an instrument," as it was nearly identical to a pistol that expels bullets, and thus qualifies as a "dangerous weapon" on a separate basis. *See* U.S.S.G. §

1B1.1; *see also United States v. Gueye*, 5:20-cr-026, 2021 WL 1928539, at *2-3 (E.D. Ky. May 13, 2021) (discussing Sixth Circuit precedent that has expressly found that imitation weapons may constitute dangerous weapons). Further, the United States included an image of the BB gun that was recovered when Estep was arrested and an image of a Crosman SNR357 Snub Nose .177-Caliber Pellet/BB CO2 powered revolver to show that the two closely resembled one another. [*See* R. 22 at pgs. 2-3]. Therefore, the BB gun squarely fits within the "dangerous weapon" definition, and the two-level sentence enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) was correctly applied.

Additionally, Estep was sentenced within the statutory limits. Estep was sentenced to a total term of one hundred seventy-four months on both counts. [R. 27]. After Judge Bunning sustained his objection to the two-level increase for recklessly creating a substantial risk or serious bodily injury, his total offense level was 29. His criminal history category was VI. Taken together, Estep's guideline imprisonment range was 151-188 months. Because Estep's was sentenced within the guidelines range, over ten months below the maximum, his sentence was not a complete miscarriage of justice cognizable under § 2255. *See Borden v. United States*, No. 19-6252, WL 6440457 at *2 (6th Cir. 2020) ("The fact that [the defendant] ended up with a sentence within the corrected guidelines range shows that justice was served, not that it was miscarried."); *see also Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) (holding that the defendant was not entitled to relief under § 2255 because his sentence was in the middle of the sentencing guidelines range, which was not a complete miscarriage of justice).

Finally, Estep also makes an unspecified argument challenging his sentence, citing "changes in federal law" concerning "criminal history points." [R. 32 at pg. 8]. Estep does not state which federal law change he believes supports this argument. [*See id.*]. The United States argues

that there have been no relevant changes regarding criminal history points since Estep was sentenced. [R. 34 at pgs. 4-5]. Regardless, Estep's argument fails.

In *Snider*, the defendant alleged "that an intervening change in the law rendered his career offender designation erroneous." 908 F.3d at 191. However, Snider did not allege that he was innocent of the charged offense or the underlying predicate offenses, and he did not rely on any constitutionally prohibited factors. *Id*. Moreover, he was sentenced under the advisory guidelines scheme, and at his sentencing hearing, the Court applied the 18 U.S.C. § 3553(a) factors. *Id*. The Sixth Circuit concluded that Snider was not entitled to relief because "[a]lthough the career designation may have affected the ultimate sentence imposed, 'it did not affect the lawfulness of the [sentence] itself—then or now.'" *Id*. (first citing *United States v. Addonizio*, 442 U.S. 178, 187 (1979); and then citing *Gibbs v. United States*, 665 F.3d 437, 479 (6th Cir. 2011) ("A challenge to the sentencing court's guideline calculation … only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence she received.")). Similarly, Estep does not allege that he was innocent of the offense charged, nor does he rely on any constitutionally prohibited factors. Further, he was sentenced under the advisory guidelines scheme, and Judge Bunning applied the 18 U.S.C. § 3553(a) factors at sentencing. Therefore, because the alleged change in federal law concerning criminal history points does not affect the lawfulness of his sentence, Estep is not entitled to 2255 relief.

### III.

An evidentiary hearing is required '[u]nless the motion and the files are records of the case conclusively show that the prisoner is not entitled to relief." 28 U.S.C. § 2255(b). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the

application to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Thus, "[i]t follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Upon review of the record and for the reasons outlined above, the Court recommends that an evidentiary hearing is not required because the record conclusively shows that Estep is not entitled to relief as a matter of law. *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983).

## IV.

A Certificate of Appealability may issue where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that issuance of a Certificate of Appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039–40 (2003). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005).

Here, Estep has not made a "substantial showing" as to any claimed denial of his constitutional rights. Moreover, the Court is unconvinced that reasonable jurists would find its determination on the merits debatable. Therefore, this Court recommends that the District Court deny a Certificate of Appealability.

**RECOMMENDATION**

Upon review of the record, and for the reasons stated herein, and in accordance with Rule 10 of the Rules Governing Section 2255 Habeas Cases, **IT IS RECOMMENDED** that:

1. Estep's Section 2255 motion to Vacate under 28 U.S.C. 2255, [R. 30], and his Amended

Motion to Vacate under 28 U.S.C. 2255, [R. 32], be **DENIED**; and

2. A Certificate of Appealability be **DENIED** as to all issues raised, should Estep so request.

Further**, IT IS ORDERED** that Estep's Motion for in Forma Pauperis Papers and the 2255 Forms, [R. 36], is **DENIED**.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed January 27, 2026.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge